UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MILTON SHEPARD, | ) |
| Plaintiff, | ) |
| v. | ) 16-CV-2087 |
| ANTONIO GODINEZ,[1] et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in the Illinois River Correctional Center regarding incidents which occurred during Plaintiff's incarceration in the Danville Correctional Center in 2014. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[2] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its

---

[1] Plaintiff spells this name "Godinas," but the correct spelling is "Godinez."
[2] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## Allegations

Plaintiff alleges that, during a cadet training shake down exercise in 2014 in Danville Correctional Center, he was made to stand bent over with his head down for about two hours. Plaintiff was unable to hold this position to an officer's satisfaction, whereupon the unidentified officer tried to forcefully push Plaintiff's face or head into a glass window, but Plaintiff resisted. Eventually, Plaintiff was escorted back to his cell.

A few weeks later, Plaintiff received a new cellmate, inmate Pelts, allegedly in retaliation for Plaintiff's resistance during the training exercise. Inmate Pelts was a member of the black stones gang. Plaintiff used to be a black stones gang member but switched allegiance to the gangster disciples and then ultimately renounced gangs while in prison. Additionally, the victim in Plaintiff's criminal case had been a black stones gang member. Defendant Campbell was aware of this information before Pelts was transferred to Plaintiff's cell. At the time Pelts became Plaintiff's roommate, Plaintiff had recently been approved to be transferred to a minimum security prison.

Pelts assaulted Plaintiff, inflicting serious injuries to Plaintiff's face. Plaintiff was left unconscious in his cell for more than 20 minutes. Once aid did arrive, Plaintiff was taken to the hospital where he was handcuffed and shackled by leg to the bed for at least two days despite the presence of a guard. The cuffs were so tight that Plaintiff suffered scars and the nurse complained.

When Plaintiff returned to Danville, he was charged with and found guilty of fighting. His planned transfer to the minimum security prison was revoked. Meanwhile, another inmate whom Plaintiff believed was integral to the attack on Plaintiff was moved closer to Plaintiff's cell, and a different inmate began "randomly punching, kicking, and threatening the plaintiff." (Compl. para. 65.) Plaintiff's efforts to obtain help were unavailing. Plaintiff was transferred to a medium security prison, even though his discipline had been expunged as unsubstantiated.

**Analysis**

Plaintiff states constitutional claims for allegedly placing him at or refusing to remove him from a substantial risk of serious harm from assault, attempting to push Plaintiff's face and head into a glass window without justification, retaliation for Plaintiff's resistance to allowing his head to be slammed into a glass window and possibly for Plaintiff's complaints and grievances, excessive restraints during Plaintiff's stay at

the hospital, and cruel and unusual punishment for forcing Plaintiff to stand with his head down and bent over for two hours during the cadet training. Whether Plaintiff has named the individuals personally responsible for these violations will await a more developed record.

**IT IS THEREFORE ORDERED:**

    1)    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states constitutional claims for placing him at or refusing to remove him from a substantial risk of serious harm from assault, attempting to push Plaintiff's face and head into a glass window without justification, retaliation for Plaintiff's resistance to allowing his head to be slammed into a glass wall and possibly for Plaintiff's complaints and grievances, excessive restraints during Plaintiff's stay at the hospital, and cruel and unusual punishment for forcing Plaintiff to stand with his head down and bent over for two hours during the cadet training. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2)    This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to

respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    3)    The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

    4)    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

12) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: April 29, 2016

FOR THE COURT:

<u>       s/Sue E. Myerscough       </u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE